Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
TIMOTHY NOLL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NOLL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant, | Case No.: **'21CV1854 TWR NLS**<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. TIMOTHY NOLL (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against CITIBANK, N.A. (hereinafter referred to as "CITIBANK" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

- 2 -

*Noll vs. Citibank, N.A. - Complaint for Damages*

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred

1  and are occurring in the County of San Diego, California.  Furthermore,
2  Defendant regularly conducts business within State of California, County of San
3  Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.
13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).
14. On information and belief, Plaintiff alleges that Defendant CITIBANK ("CITIBANK") is a national banking association, organized and existing under the laws of the United States, with its headquarters in New York, NY.
15. A significant portion, if not a majority, of CITIBANK's business operations are dedicated to servicing debt, including consumer credit card debt.  Part of CITIBANK's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due debts.
16. Defendant CITIBANK regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).
17. When individuals owe Defendant CITIBANK debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant CITIBANK collects on those consumer debts owed to it through the mail, electronic communication, and telephone.  Therefore, Defendant CITIBANK is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).
18. Defendant is, and all times mentioned herein, was a corporation and "person," as

1  defined by 47 U.S.C. § 153(39).

2  19. When individuals owe CITIBANK debts for regular monthly payments on
3  consumer loans and credit cards, and other similar obligations, CITIBANK
4  collects on those consumer debts owed to them through the use of the mail,
5  electronic communication, and the telephone. Therefore, CITIBANK is a "debt
6  collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in
7  "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

8  20. At all times relevant hereto, Defendant used, controlled and or operated an
9  "automatic telephone dialing system" ("ATDS") as that term is defined by 47
10 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an
11 automated or prerecorded voice ("Recorded Voice") as that term is defined in 47
12 U.S.C. § 227(b)(1)(A).

13 21. Defendant is, and all times mentioned herein, was a corporation and "person," as
14 that term is defined by 47 U.S.C. § 153(39).

15 22. This case involves money, property, or their equivalent, due or owing or alleged
16 to be due or owing from a natural person by reason of a "consumer credit
17 transaction." Thus, this action arises out of a "consumer debt" and "consumer
18 credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

19

20 **GENERAL ALLEGATIONS**

21 23. Plaintiff realleges and incorporates by reference all preceding paragraphs,
22 inclusive, as if fully set forth herein.

23 24. Prior to 2020, Plaintiff was issued a CITIBANK credit account. Said credit
24 account was issued by Defendant CITIBANK to Plaintiff, and said debt was
25 incurred for personal, family, or household purposes, thus said CITIBANK credit
26 card account was a consumer debt resulting from a consumer credit transaction
27 as those terms are defined by Cal. Civ. C. § 1788.2. The aforementioned credit
28 card account was issued, serviced, and collected upon by Defendant CITIBANK.

- 5 -

*Noll vs. Citibank, N.A. - Complaint for Damages*

25. Plaintiff made payments toward the aforementioned CITIBANK credit card account when he took them out, and maintained good standing until Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on said CITIBANK credit card account, agents for CITIBANK called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 3-4 times per day, almost every single day.

27. The aforementioned collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent his with regards to the debts allegedly owed to CITIBANK.

29. On August 19, 2021, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him regarding any debt, including the two aforementioned CITIBANK accounts via any manner, including but not limited to the use of an ATDS, that Plaintiff had retained Counsel, and that CITIBANK needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). Said Letter referenced the last four digits of Plaintiff's social security number in order to help CITIBANK identify the Plaintiff's account.

30. Said Letter clearly informed CITIBANK that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. Despite Defendant receiving receipt of the Plaintiff's Attorney's Letter dated

August 19, 2021, Defendant continued to willfully call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 3-4 times per day, almost every single day.

32. Between August 19, 2021, and November 1, 2021 Plaintiff picked up the phone on more than one occasion, whereby he repeatedly informed representatives of CITIBANK that he had retained Counsel, and told them to stop calling his.

33. However, despite receipt of the August 19, 2021 Letter referenced above, as well as oral notice via Plaintiff that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debt, representatives of CITIBANK have continued to call Plaintiff in excess of over one-hundred (100) times since August 19, 2021 on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

34. Further, since receipt of the August 19, 2020, Letter from Plaintiff's Counsel demanding that CITIBANK cease from contacting Plaintiff, CITIBANK has also sent multiple collection letters to Plaintiff during said time period.

35. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing and orally of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to CITIBANK, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

36. Further, Plaintiff spoke to agents for CITIBANK on more than one occasion and stated that they should not be calling his on his cellular telephone, and reiterated that he had retained Counsel who had sent Cease and Desist Letters to CITIBANK.

37. On said telephone call, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

38. Despite having received Plaintiff's August 19, 2021 Letter sent to Defendant's address for correspondences, CITIBANK continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

39. CITIBANK, or its agents or representatives, have contacted Plaintiff on his cellular telephone over 100 times since August 19, 2021, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

40. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

41. The multiple calls made by Defendant or its agents after August 19, 2021 were therefore made in violation of 47 U.S.C. § 227(b)(1).

42. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, and verbal notice from Plaintiff to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant CITIBANK continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**Violations of California Rosenthal Fair Debt Collection Practices Act**

**(California Civil Code § 1788.14(c))**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

44. When Plaintiff's Counsel sent the August 19, 2021 cease-and-desist letter to

- 8 -

CITIBANK, Defendant CITIBANK was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

45. When Plaintiff orally stated to representatives for CITIBANK that he was represented by Counsel, CITIBANK was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding the subject debt owed to and/or serviced by CITIBANK.

46. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.  This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

47. By calling Plaintiff on his cellular phone over one-hundred (100) times after receipt of the August 19, 2021, Letter from Plaintiff's Counsel, CITIBANK violated Cal. Civ. Code §1788.14(c).

48. As a result of the constant collection calls by CITIBANK, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by CITIBANK are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

49. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

50. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

51. Therefore, Defendant's acts of calling Plaintiff over one-hundred (100) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.
## SECOND CAUSE OF ACTION
## Negligent Violations of the TCPA
## (47 U.S.C. § 227 *et. seq.*)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the August 19, 2021 Letter sent by Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for CITIBANK or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts and omissions of CITIBANK constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. As a result of CITIBANK's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

## III.
## THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

57. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

58. Through the August 19, 2021 Letter sent by Plaintiff's Counsel to CITIBANK's corporate headquarters, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for the CITIBANK or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

59. The foregoing acts of the CITIBANK constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

60. Therefore, since CITIBANK or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, CITIBANK's acts were willful.

61. As a result of CITIBANK's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each and every one of CITIBANK's over one-hundred (100) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant CITIBANK herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over thirty (30) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: November 1, 2021          By:    */s/ Ahren A. Tiller*
                                        Ahren A. Tiller, Esq.
                                        BLC Law Center, APC
                                        Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: November 1, 2021          By:     */s/ Ahren A. Tiller*
                                          Ahren A. Tiller, Esq.
                                          BLC Law Center, APC
                                          Attorneys for Plaintiff